

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

GERALS C. MANN
XXXXXXXXXXXXON
ATTORNEY GENERAL

February 6, 1939

Hon. John F. May
County Attorney
Karnes County
Karnes, Texas

Dear Sir:

Opinion No. O-161
Re: Refunding premiums on deputy tax col-
lector's official bond for years 1925-
1938

Your letter of January 17th, addressed to Hon. Gerald
C. Mann, Attorney General of Texas, has been received wherein
you state that the Commissioners' Court desires an opinion as
to whether or not the expenditure of refunding the premium on
the official bond of the deputy tax assessor-collector of taxes
by the Commissioners' Court for the years 1925-1938, inclusive,
would be legal or illegal.

Under the authority of Casey vs. State (Tex. Civil
appeals) 269 SW 428, writ of error denied, and former rulings
of this Department, such premium on the deputy tax collector's
bond prior to the amendment of Article 3899, effective Janu-
ary 1, 1936, was not such item of expense as the Commissioners'
Court would be authorized to pay.

You are respectfully advised, therefore, that it is
the opinion of this Department that any payment or expenditure
of refunding the premium on the deputy tax assessor-collector's
official bond for the years 1925-1936 would be illegal.

Permit us to herein set forth certain portions of
Article 3899 as amended, effective January 1, 1936:

"Art. 3899. Expense Account
(a) At the close of each month of his
tenure of office each officer named herein
who is compensated on a fee basis shall make
as part of the report now required by law,
an itemized and sworn statement of all the
actual and necessary expenses incurred by him
in the conduct of his office, such as station-
ery, stamps, telephone, premiums on officials'
bonds, including the cost of surety bonds for

his Deputies, premium on fire, burglary, theft,
robbery insurance protecting public funds, tra-
veling expenses and other necessary expenses...
Such expense account shall be subject to the
audit of the County Auditor, if any, otherwise
by the Commissioners' Court; and if it appears
that any item of such expense was not incurred
by such officer or such item was not a necess-
ary expense of office, such item shall be by
such auditor or court rejected, in which case
the collections of such item may be adjudicated
in any court of competent jurisdiction. The
amount of salaries paid to Assistants and De-
puties shall also be clearly shown by such
officer, giving the name, position and amount
paid each; and in no event shall any officer
show any greater amount than actually paid
any such Assistant or Deputy. The amount of
such expenses, together with the amount of
salaries paid to Assistants, Deputies and Clerks
shall be paid out of the fees earned by such of-
ficer ......................

"(b) Each officer named in this Act, where
he receives a salary as compensation for his
services, shall be empowered and permitted to
purchase and have charged to his county all rea-
sonable expenses necessary in the proper and
legal conduct of his office, premiums on offi-
cials' bonds, premium on fire, burglary, theft,
robbery insurance protecting public funds and
including the cost of surety bonds for his Dep-
uties, such expenses to be passed on, pre-deter-
mined and allowed in kind and amounts, as nearly
as possible, by the Commissioners' Court one each
month for the ensuing month, upon the application
by each officer, stating the kind, probably amount
of expenditure and the necessity for the expenses
of his office for such ensuing month, which ap-
plication shall, before presentation to said
court, first be endorsed by the County Auditor,
if any otherwise the County Treasurer, only as
to whether funds are available for payment of
such expenses................

".......Each officer shall, at the close of each
month of his tenure of office, make an itemized and
sworn report of all approved expenses incurred by
him and charged to his county, accompanying such re-
port with invoices covering such purchases and re-

quisitions issued by him in support of such report.
If such expenses be incurred in connection with any
particular case, such report shall name such case.
Such report, invoices and requisitions shall be
subject to the audit of the County Auditor, if
any, otherwise by the Commissioners' Court, and
if it appears that any item was not incurred by
such officer, or that such item was not a neces-
sary or legal expense of such office, or purchased
upon proper requisition, such item shall be by
said County Auditor or court rejected, in which
case the payment of such item may be adjudicated
in any court of competent jurisdiction.  All such
approved claims and accounts shall be paid from
the Officers' Salary Fund unless otherwise provid-
ed herein."

It is evident that the Legislature intended that such
conditions contained in the above provisions should be com-
plied with by the officer as a condition precedent to allowing,
as a matter of right, such expenses as authorized therein.

It is our opinion that Article 3899, as amended, can
be liberally interpreted to allow such officials, as an item
of expense, the premium on the bonds of their authorized
deputies.

Such conditions found in the provisions of the Article
quoted seem to be substantially the same as contained in the
article prior to the amendment and the courts have construed
such conditions not intended as a limitation on the power of
the Commissioners' Court in matters of this kind.  As it ap-
pears that the Commissioners' Court may use its sound discre-
tion as to whether or not the facts other than the failure of
the officer to comply with the above provisions would entitle
such expense to be allowed, we are further of the opinion that
while the county could not be held liable for the expenditure
of refunding the actual and necessary premium paid on the
deputy tax collector's official bond for the years 1936 and
subsequently it is within their sound discretion whether or
not such payment could be made, the exercise of which by the
Commissioners' Court would not be illegal.

Trusting that the above answers your questions, we
remain

Very truly yours

ATTORNEY GENERAL OF TEXAS


By s/ Wm. R. King
                Assistant

WmK:AW

APPROVED:
S/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS